**UNITED STATES DISTRICT COURT**
**NOTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>*This Document Relates To:*<br><br>LSA Lab, LLC v. MultiPlan, Inc. | Case No. 1:24-cv-06795<br><br>MDL No. 3121<br><br>Hon. Mathew F. Kennelly |

**DIRECT ACTION PLAINTIFF SHORT-FORM COMPLAINT**

The Plaintiff named below files this Short-Form Complaint and (if checked off below) Demand for Jury Trial against the Defendant(s) named below by and through the undersigned counsel. Plaintiff incorporates by reference the factual allegations, as well as the claims and relief checked off below, sought in Plaintiffs' Consolidated Master Direct Action Plaintiff Complaint ("Consolidated Master DAP Complaint") as it relates to the named Defendant(s) (checked-off below), filed in *In re Multiplan Health Insurance Provider Litigation*, MDL No. 3121, in the United States District Court for the Northern District of Illinois. Plaintiff files this Short-Form Complaint pursuant to the Proposed Case Management Order regarding the Consolidated Master Complaint and Individual Short Form Complaints for Direct Action Plaintiffs, filed on the MDL Docket (No. 1:24-cv-06795) at ECF 170. [1]

Plaintiff indicates by checking the relevant boxes below the Parties, Designated Forum, Jurisdiction and Venue, Causes of Actions and other Relevant Information specific to Plaintiff's case. Plaintiff, by and through the undersigned counsel, alleges as follows:

---

[1] The Proposed Order was signed and issued as an Order of the Court on November 26, 2024. *See* Case Management Order No. 6 (ECF No. 179).

## I.    IDENTIFICATION OF PARTIES

**A.    PLAINTIFF**

1.  Name of the Plaintiff alleging claims against Defendant(s):

    <u>LSA Lab, LLC.</u>

2.  For each Plaintiff that is a corporation, list the state of incorporation and state of principal place of business. For each Plaintiff that is an LLC or partnership, list the state citizenship of each of its members. For each Plaintiff that is a natural person, list the state of residency and citizenship at the time of the filing of this Short-Form Complaint [Indicate State[s]]:

    <u>LSA is incorporated and headquartered in **Nevada**.</u>

**B.    DEFENDANTS**

3.  Plaintiff names the following Defendant(s)[2] in this action [*Check all that apply*]:

| | |
|---|---|
| **X** | MultiPlan, Inc.; Claritev Corporation[3] |
| | Aetna, Inc., a subsidiary of CVS Health Corporation |
| | Blue Shield of California Life & Health Insurance Company |
| | Blue Cross Blue Shield of Michigan Mutual Insurance Company |
| | Aware Integrated, Inc. and BCBSM, Inc. d/b/a Blue Cross Blue Shield Of Minnesota |
| | Cambia Health Solutions, Inc. f/k/a The Regence Group |
| | Centene Corporation |

---

[2] Each Defendant named in this Short-Form Complaint acted directly or through each of that entity's executives, employees, directors, and majority-owned subsidiaries. For example, UnitedHealth Group Inc. acted directly or through, among others, the following majority-owned subsidiaries: United Healthcare Insurance Company, and its affiliates; United Healthcare Services Inc.; United Healthcare Service LLC; Oxford Benefit Management, Inc.; UMR, Inc.; Sierra Health and Life Insurance Company, Inc.; Sierra Health-Care Options, Inc.; Health Plan of Nevada, Inc.; and United Healthcare of Florida, Inc.

[3] Since the format of this short-form complaint was adopted by the Court, MultiPlan, Inc. has conceded that it is subject to government investigations; replaced its CEO, COO, CFO, and general counsel; and changed its name to "Claritev."

| | The Cigna Group |
| --- | --- |
| | Elevance Health, Inc. f/k/a Anthem, Inc. |
| | Health Care Service Corporation |
| | Highmark Health |
| | Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey |
| | Humana Inc. |
| | Kaiser Foundation Health Plan, Inc. |
| | Molina Healthcare, Inc. |
| | UnitedHealth Group Inc. |
| | Allied National, LLC |
| | Benefit Plans Administrators of Eau Claire, LLC |
| | Central States Southeast and Southwest Areas Health and Welfare Fund |
| | Consociate, Inc. d/b/a Consociate Health |
| | Healthcare Highways Health Plan (ASO), LLC |
| | Secure Health Plans Of Georgia, LLC D/B/A Secure Health |
| | Sanford Health Plan |
| | CareFirst Of Maryland |
| | Blue Cross Blue Shield of Massachusetts |

**C.     OTHER DEFENDANTS**

For each "Other Defendant" Plaintiff contends are additional parties and are liable or responsible for Plaintiff's damages alleged herein, Plaintiff must identify by name each Defendant and its citizenship, and Plaintiff must plead the specific facts supporting any claim against each "Other Defendant" in a manner complying with the requirements of

the Federal Rules of Civil Procedure. In doing so, Plaintiff may attach additional pages to this Short-Form Complaint.

| | NAME | CITIZENSHIP |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |

## II.      DESIGNATED FORUM

4.  For Direct Filed Cases: Identify the Federal District Court in which the Plaintiff would have filed in the absence of direct filing: Plaintiff would have filed in the U.S. District Court for the District of Nevada.

5.  For Transferred Cases: Identify the Federal District Court in which the Plaintiff originally filed and the date of filing: Not Applicable

## III.      JURISDICTION AND VENUE

6.  Subject Matter Jurisdiction is based on:

☐      Diversity of Citizenship
☒      Federal Question
☐      Other (The basis of any additional grounds for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

## IV.      FACTS AND INJURIES ASSERTED

7.  Plaintiff adopts all paragraphs of the Consolidated Master DAP Complaint by reference, except for the allegations set forth in any cause of action that Plaintiff does not adopt (as indicated below).

8.  Plaintiff adopts and alleges as injuries resulting from the challenged conduct the injuries to DAPs set forth in the Consolidated Master DAP Complaint.

## V.    ADDITIONAL FACTS DEMONSTRATING STANDING TO BRING CAUSES OF ACTION

9.  Plaintiff alleges the following additional facts in support of its standing to bring causes of

action:

LSA is an accredited clinical laboratory that specializes in reliable toxicology, hormone, and COVID-19 testing using some of the industry's most advanced technology and implementing best practices to effectively serve its patience. LSA has relationships with many health insurance providers and negotiates rates and payments with those providers. Due to the significant volume of LSA's claims, LSA also works with revenue-cycle management companies, insurance brokers, and other third parties that represent LSA's interests in reviewing, processing, and negotiating payments from insurers and/or payors. MultiPlan is one such health insurance payor.

LSA has suffered damage to its business as a result of the MultiPlan Cartel. In particular, MultiPlan and LSA sought to execute a Global Rate Agreement ("GRA"). But LSA would only accept the GRA if its rates were at least 60% of LSA's billed charges. After negotiations stalled, MultiPlan sent a draft GRA to various employees at LSA's third-party service provider, Med USA. MultiPlan ultimately found one Med USA employee willing to fraudulently sign the GRA despite it authorizing rates below 60% of the billed rate. LSA did not sign, authorize, or generally have awareness of the fraudulent GRA with lower rates. MultiPlan nevertheless began processing LSA's claims under it.

LSA has sustained, and continues to sustain, significant economic losses from underpayments made by members of the MultiPlan Cartel directly caused by the MultiPlan Cartel and its agreements. Unless the conduct of MultiPlan and other members of the MultiPlan Cartel is stopped, LSA will incur future damages via those same underpayments. LSA was underpaid by members of the MultiPlan Cartel because MultiPlan and other members of the cartel agreed to suppress payments to LSA for out-of-network claims.

## VI.    CAUSES OF ACTION ASSERTED

10. Plaintiff adopts and asserts the following Causes of Action alleged in the Consolidated

Master DAP Complaint, and the allegations with regard thereto, against the Defendants

identified above (*check all that are adopted*):

| Check all that apply | Count | Cause of Action | Law pursuant to which the cause of action is asserted in the Master Complaint |
|---|---|---|---|
| X | I | Horizontal Agreements in Restraint of Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |

5

| X | II | Hub-And-Spoke Agreement in Restraint of Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
|---|---|---|---|
| X | III | Principal-Agent Combinations in Restrain1 of Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| X | IV | Agreements to Unreasonably Restrain Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| X | V | Anticompetitive Information Exchange (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| X | VI | Violation of State and D.C. Antitrust Statutes | Nevada Law |
| X | VII | Violation of State Consumer Protection Laws | Nevada Law |
|  | VIII | Unjust Enrichment | N/A |

## NOTE

If Plaintiff wants to allege additional Causes of Action other than those selected in the preceding paragraph, which are the Causes of Action set forth in the Master Complaint, the facts supporting those additional Causes of Action, must be pled in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff may attach additional pages to this Short-Form Complaint.

## VII.     ADDITIONAL CAUSES OF ACTION

11. Plaintiff asserts the following additional Causes of Action and supporting allegations against

the following Defendants:

Not Applicable

## VIII.   PRAYER FOR RELIEF

12. *Check all that apply:*

| X | **WHEREFORE**, Plaintiff prays for all available compensatory damages, treble damages, punitive damages in amounts to be proven at trial, and judgment against Defendant(s) and all such further relief that this Court deems equitable and just as set forth in the Master Complaint, and any additional relief to which Plaintiff may be entitled, including disgorgement. |
|---|---|

| X | **WHEREFORE**, Plaintiff prays for declaratory and injunctive relief and judgment against Defendant(s) and all such further relief that this Court deems equitable and just as set forth in the Master Complaint, and any additional relief to which Plaintiff may be entitled. |
|---|---|

6

## JURY DEMAND

[*Check the applicable box*]:

| X | Plaintiff hereby demands a trial by jury as to all claims in this action. |

| | Plaintiff **does not demand** a trial by jury as to all claims in this action. |

****

By signature below, Plaintiff's counsel hereby confirms their submission to the authority and jurisdiction of the United States District Court of the Northern District of Illinois and oversight of counsel's duties under Federal Rule of Civil Procedure 11, including enforcement as necessary through sanctions and/or revocation of pro hac vice status.

HOLLAND & HART LLP

*/s/ Adrianne K. Rosenbluth*

Darren G. Reid (*pro hac vice application to be filed*)
Zach D. Williams (*pro hac vice applicaiton to be filed*)
Adrianne K. Rosenbluth
555 17th Street, Suite 3200
Denver, CO 80202
(303) 293-5345
DGReid@hollandhart.com
KDWilliams@hollandhart.com
AKRosenbluth@hollandhart.com

*Attorneys for LSA Lab, LLC*

CERTIFICATE OF SERVICE

The undersigned certifies that on November 14, 2025, an electronically filed a copy of the foregoing was filed via the CM/ECF filing system, which sent notification of such filing to all Filing Users.

/s/ Adrianne K. Rosenbluth

36302998_v1